JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | CASE NO. CV-15-9331-R |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT |
| v. | |
| ROBERY SEIBERT, a.k.a. JOHN GREY, | |
| Defendant. | |

Before the Court is Plaintiff's Motion for Default Judgment, which was filed on May 25, 2016 (Dkt. No. 17). This matter was taken under submission on June 28, 2016.

A court has the discretion to enter a default judgment against one who is not an unrepresented infant or other incompetent person where the complaint is for an amount that is not certain on the face of the complaint and where (a) the defendant has been served with the complaint; (b) the defendant's default has been entered for failure to appear; (c) if the defendant has appeared in the action, the defendant has been served with written notice of the application at

least three days before the hearing on the application; (d) the court has undertaken any necessary or proper investigation or hearing in order to enter judgment or carry it into effect; and (e) plaintiff has filed a written affidavit addressing the current military status of the defendant. Fed. R. Civ. P. 55(b)(2); *Alan Neuman Prods. v. Albright,* 862 F.2d 1388, 1392 (9th Cir. 1988).

While the power to grant or deny relief upon an application for default judgment is within the Court's sound discretion, a plaintiff must state a claim upon which he may recover in order to grant the motion for a default judgment. *Sony Music Entm't v. Elias,* 2004 WL 141959 (C.D. Cal., Jan. 20, 2004); *Pepsico, Inc. v. Cal. Sec. Cans,* 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). Upon default, the well-pleaded allegations of the complaint relating to liability are taken as true. *TeleVideo Sys., Inc. v. Heidenthal,* 826 F.2d 915, 917 (9th Cir. 1987). On the other hand, a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072 (C.D. Cal. 2012).

The Ninth Circuit has articulated the following factors for courts to consider in determining whether default judgment should be granted:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). When analyzing the *Eitel* factors, the Court takes all factual allegations in the complaint as true, except for those relating to damages. *TeleVideo Sys., Inc.*, 826 F.2d at 917-18.

Defendant was served, failed to appear, failed to respond, and had a clerk's default entered against him on May 10, 2016 (Dkt. No. 15). Defendant is neither a minor, incompetent person, nor in military service.

After reviewing the Complaint and Motion for Default Judgment, the *Eitel* factors appear to have been met in this case. The first *Eitel* factor examines the possibility of prejudice to Plaintiff. Defendant has failed to appear and defend this action. Absent entry of default judgment, Plaintiff will be without recourse against Defendant, and risk continuing violation of Plaintiff's

rights. Therefore, this factor weighs in favor of the entry of default judgment.

The second and third *Eitel* factors examine the merits and sufficiency of the Complaint. Plaintiff's Complaint alleges six causes of action for: (1) Violations of Section 17(a)(1) and (3) of the Securities Act; (2) Violations of Section 17(a)(2) of the Securities Act; (3) Violations of Section 10(b) of the Exchange Act and Rules 10b-5(a) and (c); (4) Violations of Section 10(b) of the Exchange Act and Rules 10b-5(b); (5) Violations of Section 15(a) of the Exchange Act; and (6) Violations of Section 20(a) of the Exchange Act.

To establish its Claims for the violations of anti-fraud provisions (Claims for Relief 1-4), the Plaintiff must show "the defendant (1) made a material misrepresentation or omission (2) in connection with the purchase of a sale or security (3) with scienter (4) in interstate commerce." *S.E.C. v. Platforms Wireless Intern. Corp.*, 617 F.3d 1072, 1092 (9th Cir. 2010); *see also S.E.C. v. Power*, 525 F. Supp. 2d 415, 419-22 (S.D.N.Y. 2007). First, Plaintiff's Complaint alleges that Defendant provided false information concerning the investment transactions at issue and the credentials of the parties involved. Second, Plaintiff claims Defendant provided this information in order to induce third parties to purchase stock. Third, Defendant knew these actions were improper as evidenced by Defendant's use of fictitious names. Finally, Defendant used the mails, telephones, and other channels of interstate commerce to conduct the scheme. Taking all of the well-pleded allegations as true, the first four Causes of Action are sufficiently pled and meritorious to proceed with default judgment.

To establish a claim for the violation of broker-deal registration provisions under Section 15(a) of the Exchange Act (Fifth Claim for Relief), Plaintiff must demonstrate that Defendant "engaged in the business of effecting transactions in securities for the account of others," without having been registered with the SEC. *S.E.C. v. Wilde*, 2012 WL 6621747, *14 (C.D. Cal. Dec. 17, 2012). Plaintiff properly asserts that Defendant engaged in the sale of securities with multiple people on multiple occasions, despite not having been registered with the SEC.

To establish a claim for control person liability under Section 20(a) of the Exchange Act (Sixth Claim for Relief), Plaintiff must demonstrate that "(1) there is a violation of the Act and (2) the defendant directly or indirectly controls any person liable for the violation." *S.E.C. v. Todd*,

642 F.3d 1207, 1223 (9th Cir. 2011). As explained above, the Complaint adequately lays out a violation of the Exchange Act. The Complaint also lays out how Defendant both participated in the scheme, and controlled the other participants in the scheme. The second and third *Eitel* factors therefore both weigh in favor of granting default judgment.

The next *Eitel* factor examines the amount of money at stake in relation to the seriousness of a defendant's conduct. *Wecosign, Inc.*, 845 F. Supp. 2d at 1082. Default judgment is disfavored when a large amount of money is involved and is unreasonable in light of the potential loss caused by the defendants' actions. *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014). Plaintiff here requests only the disgorgement of ill-gotten gains, civil penalties, and prejudgment interest. The Court finds the requested damages reasonable for the purposes of permitting the entry of default judgment. *See* 15 U.S.C. § 1117(c)(2).

The next *Eitel* factor considers the possibility that material facts are disputed. *Vogel*, 992 F. Supp. 2d at 1012. No responsive pleading was ever filed by Defendant contesting any material facts in the case, despite Defendant being served with the Complaint. This case does not appear to likely have material facts in dispute, and thus this factor weighs in favor of default judgment.

The next *Eitel* factor concerning excusable neglect, favors default judgment when the defendant has been properly served or the plaintiff demonstrates that the defendant is aware of the lawsuit. *Wecosign, Inc.*, 845 F. Supp. 2d at 1082. Plaintiff properly served Defendant. This factor weighs in favor of default judgment.

Although cases should be decided upon their merits whenever reasonably possible, Rule 55(a) allows a court to decide a case before the merits are heard if defendant fails to appear and defend. *Id.* at 1083. Defendant has failed to appear and defend, and default judgment can properly be entered against him.

Plaintiff has the burden of proving damages through testimony or written declaration or affidavit. Fed. R. Civ. P. 55(b)(2); *Lotenero v. Cripps*, 2012 WL 525586 (E.D. Cal. Feb. 15, 2012). Rule 54(c) limits the relief that can be sought in a motion for entry of default judgment to that identified in the Complaint. Fed. R. Civ. Proc. 54(c), *Vogel*, 992 F. Supp. 2d at 1013. Plaintiff seeks only disgorgement of ill-gotten gains, prejudgment interest, civil penalties to be

determined later based upon a reasoned motion, and injunctive relief.  All these requests were identified in the Plaintiff's Complaint.

First, the Court has the authority to grant the monetary relief sought.  *See S.E.C. v. mUrgent Corp.*, 2012 WL 630219, *1 (C.D. Cal. Feb. 28, 2012) (explaining a district court's broad power to order disgorgement and civil penalties); *see generally Platforms Wireless Intern. Corp.*, 617 F.3d at 1099-1100 (examining an award of prejudgment interest).  Second, since Defendant's conduct was egregious and repeated, done with clear knowledge of its nature, Defendant has done similar prohibited conduct in the past, and Defendant has provided no response that would suggest a sincere assurance against future violations, injunctive relief is also appropriate.  *S.E.C. v. Rana Research, Inc.*, 8 F.3d 1358, 1364 (9th Cir. 1993) (explaining a court may grant injunctive relief when there is a "a reasonable likelihood of future violations" of the securities laws); *S.E.C. v. Fehn*, 97 F.3d 1276, 1295-96 (9th Cir. 1996) (outlining the factors a court considers when determining the reasonable likelihood of future violations).

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment is GRANTED in the amount of $559,169.82.  (Dkt. No. 17).

**IT IS FURTHER ORDERED** that Defendant and any of his agents and/or affiliates are permanently enjoined from any future violations of the securities laws of the United States.

**IT IS FURTHER ORDERED** that Defendant and any of his agents and/or affiliates are permanently restrained and enjoined from directly or indirectly, including, but not limited to, through any entity owned or controlled by Defendant, participating in the issuance, purchase, offer, or sale of any security, provided, however, that such injunction shall not prevent Defendant from purchasing or selling securities for his own personal account.

**IT IS FURTHER ORDERED** that the Court shall determine the amount of the civil penalty upon motion of the Commission.

Dated:  July 8, 2016.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE